UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
DEMETRIC BOWMAN,

                Plaintiff,

      -against-

                                      **COMPLAINT**

CITY OF NEW YORK,
OLDSON AJESULAS,
and JOHN DOE

                                      **PLAINTIFF DEMANDS**
               Defendants.                    **A TRIAL BY JURY**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

        Plaintiff Demetric Bowman, by her attorneys, Lumer & Neville, as and for her

Complaint, hereby alleges as follows, upon information and belief:


### PARTIES, VENUE and JURISDICTION

        1.      At all times hereinafter mentioned, plaintiff Demetric Bowman was an

adult female resident of Queens County, in the State of New York.

        2.      At all relevant times hereinafter mentioned, defendant City of New

York ("New York City"), was and is a municipal corporation duly organized and existing

under and by virtue of the laws of the State of New York and acts by and through its

agencies, employees and agents, including, but not limited to, the New York City Police

Department ("NYPD"), and their employees.

        3.      At all relevant times hereinafter mentioned, defendant Oldson Ajesulas

(Shield 13641), was employed by the City of New York as a member of the NYPD.

Defendant Ajesulas is sued herein in her official and individual capacities.

        4.      At all relevant times hereinafter mentioned, defendant John Doe

13641), was employed by the City of New York as a member of the NYPD.  Defendant

Doe's actual identity is unknown to plaintiff at this time.  Defendant Doe is sued herein in

his official and individual capacities.

5.     This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331,

1343 and 1367, and 42 U.S.C. § 1983.

6.     Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in

the Eastern District of New York, where the plaintiff and defendant City of New York

reside, and where the majority of the actions complained of herein occurred.


## RELEVANT FACTS

7.     As of March 13, 2013, plaintiff Bowman resided in a building that was

part of the Pomonoke Houses, a complex operated by the New York City Housing

Authority ("NYCHA"), which was comprised of more than 30 buildings.

8.     On March 13, 2013, at about 7:30 p.m., plaintiff Bowman was lawfully

walking with a friend in a outdoor common area inside the Pomonoke Houses complex

when they were stopped by the two individual defendants.

9.     Both defendants were wearing NYPD uniforms.

10.     The defendants demanded identification from plaintiff and her friend.

11.     Plaintiff presented her driver's license, which reflected that her home

address was within one of the NYCHA buildings at Pomonoke Houses.

12.     One of the defendants then stated to plaintiff that she was trespassing,

to which plaintiff responded that she was a resident of Pomonoke Houses and that did not understand how these officers could patrol the Pomonoke Houses without knowing the addresses within the NYCHA complex.

13.     One of the two defendants then called plaintiff a "smart ass" and stated that she now would be arrested.

14.     The defendants immediately handcuffed plaintiff and then searched her and searched her handbag.

15.     Even though plaintiff was not trespassing, and despite the absence of any contraband in her possession, plaintiff was placed in a police van and driven to a nearby NYPD station house.

16.     The decision to arrest the plaintiff was objectively unreasonable under the circumstances and was made purely in retaliation for plaintiff's statement to the defendants, questioning their knowledge of the Pomonoke Houses.

17.     Plaintiff was brought to the front desk, at which time one of the defendants took her handbag and walked away.

18.     A few minutes later the officer returned, carrying a large ziplock bag in which there were smaller ziplocks which the defendants claim contained marijuana, which the defendants falsely claimed to have found inside plaintiff's handbag.

19.     Plaintiff was detained for a period of time before being transported to Queens County Central Booking, where she was held for an additional period of time.

20.     While plaintiff was were imprisoned by the defendants, defendant

Ajesulas completed arrest paperwork in which she expressly claimed that she (i) observed plaiintiff in the lobby of NYCHA building in which plaintiff was trespassing; (ii) saw plaintiff in possession of maijuana in a public place open to public view; (iii) recovered "1 ziplock of marijuana" from plaintiff's hand at the time of arrest; and (iv) that she recovered a plastic bag containing "8 ziplocks of marijuana from [plaintiff's] purse."

21.     All of these allegations were false and Ajesulas knew them to be false at the time they were made.  Plaintiff was never in possession of any marijuana, nor was plaintiff trespassing.  Not only had the officers not seen her in the lobby of the building, plaintiff was a resident of the NYCHA Pomonoke Houses. Furthermore, the defendants made no inquiry of plaintiff's friend, who was also a resident, to determine if plaintiff was a guest or invitee.

22.     Ajesulas forwarded these false allegations to the Queens County District Attorney ("QCYDA") in order to justify the arrest and to persuade the QCDA to commence the plaintiff's criminal prosecution.

23.     Ajesulas knew and understood that the QCDA, in evaluating whether to commence a criminal prosecution against the plaintiff, was relying on the truthfulness of her claims and statements, and assuming that all of these factual statements and claims Ajesulas was relaying were truthful in all material respects.

24.     As a direct result of these allegations by Ajesulas, the plaintiff was criminally charged by the QCDA 2013NY014168 with unlawfully possessing marijuana and criminal trespass.

25.     After at least one additional court appearance, the case against Ms. Bowman was adjourned in contemplation of dismissal.

26.     At no time prior to or during the encounter did probable cause to arrest the plaintiff exist, nor was it reasonable for the defendants to believe that there was probable cause to arrest plaintiff.

27.     At no time did either of the individual defendants take any steps to intervene in, prevent, or otherwise limit the misconduct engaged in by the other individual defendant against the plaintiff.

28.     The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

29.     That at all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

**FIRST CAUSE OF ACTION**

30.     Plaintiff repeats the allegations contained in paragraphs "1" through "29" above as though stated fully herein.

31.     Defendants willfully and intentionally seized, searched, detained, and arrested plaintiff, and caused her to be imprisoned, without probable cause, and without a

reasonable basis to believe such cause existed.

32.    Defendants' arrest of plaintiff was motivated by animus towards, and carried out in retaliation for, plaintiff's exercise of her right to free speech under the First Amendment to the United States Constitution.

33.    Defendants willfully and intentionally fabricated evidence and denied plaintiff a fair trial by falsely claiming that they recovered contraband plaintiff or that plaintiff was in possession of contraband, when they knew this to be untrue, and then forwarded these materially false factual claims to the QCDA in order to justify their arrest of plaintiff, and to justify, bring about and cause the deprivation of plaintiff's liberty and her criminal prosecution by the QCDA.

34.    Defendants caused plaintiff to be subjected to a malicious prosecution by causing the commencement of her prosecution through the submission of false and fabricated evidence to the QCDA.

35.    By so doing, the individual defendants, individually and collectively, subjected the plaintiff to false arrest and imprisonment, unlawful searches of person and property, deprivation of her right to free speech, malicious prosecution, and the deprivation of her right to a fair trial through the use of fabricated evidence, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the First, Fourth, Sixth, and Fourteenth Amendments of the United States Constitution.

36.    By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish,

incarceration and the deprivation of liberty, and the loss of her constitutional rights.

## SECOND CAUSE OF ACTION

37.     Plaintiff repeats the allegations contained in paragraphs "1" through "24" above as though stated fully herein.

38.     Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

39.     Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD.  Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

40.     The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an

NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

41.     The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers.

42.     The failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

43.     The official policies, practices and customs of the City of New York and the NYPD alleged herein violated plaintiffs' rights guaranteed by 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the Constitution of the United States.

44.     All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures, and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD

45.     Therefore the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the

violation of individuals' constitutional rights in general, and caused the violation of the plaintiff's rights in particular.

46.     By reason thereof, defendant has violated 42 U.S.C. §1983 and caused the plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of her constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

]

]

]

]

]

]

]

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

i.      on the first cause of action, actual and punitive damages in an amount to be determined at trial;

ii.     on the second cause of action, actual damages in an amount to be determined at trial;

iii.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of this action; and

iv.     such other relief as the Court deems just and proper.

Dated:  Brooklyn, New York
        January 2, 2014

LUMER & NEVILLE
Attorneys for Plaintiff
225 Broadway, Suite 2700
New York, New York 10007
(212) 566-5060

By: _____
    Michael B. Lumer (ML-1947)